IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN COLEMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | Case No. 15-cv-11338 |
| vs. | ) ) | |
| LVNV FUNDING LLC., and BLITT AND GAINES, P.C. | ) ) ) | |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**CLASS COMPLAINT**

Plaintiff, Carolyn Coleman, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**VENUE AND JURISDICTION**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**PARTIES**

3.  Carolyn Coleman ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank, consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant LVNV Funding LLC ("LVNV") is a Delaware Corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C., located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

7. Defendant, Blitt & Gaines, P.C. ("Blitt"), is a law firm organized as an Illinois Professional corporation with offices in Wheeling, IL. (Exhibit B, Record from the Illinois Secretary of State).

8. The practice of Blitt consists of the collection of alleged defaulted consumer debts owed, if at all, to others.

9. Blitt uses the mails and telephone system in conducting its business.

10. Blitt acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Credit One Bank, N.A. ("Credit One") consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. Credit One charged off the account in April of 2015.

14. Credit One ceased charging interest and late fees to Plaintiff on or about April, 2015.

15. Credit One ceased sending statements to Plaintiff after April, 2015.

16. Sometime thereafter LVNV bought the alleged debt.

17. On or about July 20, 2015 Blitt mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

18. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, account number and a current balance on the alleged debt.

19. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

20. The Letter states, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

21. Defendants were not authorized to add interest to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

22. In fact, Defendants have not added any interest to the debt since it was charged off by Credit One.

23. Defendants were not authorized to add "late charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

24. In fact, Defendants have not added any interest to the debt since it was charged off by Credit One.

25. Defendants were not authorized to add "other charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

26. In fact, Defendants have not added other charges to the debt since it was charged off by Credit One.

27. The amount of the alleged debt sought from Plaintiff by LVNV has not varied since March of 2015 when the balance of $1,484.00 was communicated to Experian by the original creditor, five months prior to Defendant's Letter. (Exhibit C, Excerpt from Experian Credit Report showing original creditor tradeline).

28. As a standard practice, the original creditor, Credit One waives interest, late charges, and other charges on credit card debts after charge-off.

29. Credit One waived interest on Plaintiff's alleged debt.

30. It is the policy and practice of Credit One to not charge interest on credit card debts after charge-off.

31. Credit One did not charge interest on Plaintiff alleged debt after charge-off.

32. Credit One informed LVNV that finance charges were not accruing on the collection account.

33. In fact, LVNV was not authorized to add any interest, late charges, or other charges to Plaintiff's account, as the original creditor waived its right to do so.

34. It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest, late charges or other charges could be

assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

35. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

36. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

37. Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

38. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

39. Defendant threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add "interest, late charges, and other charges" to the alleged debt.

40. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

41. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest, late charges and other charges.

42. LVNV authorized, directed, and ratified every action taken by Blitt on its behalf, and is liable for the acts and omissions of Blitt, committed in connection with efforts to collect the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

43. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT-CLASS CLAIMS

44. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

45. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

46. Defendant threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add "interest, late charges, and other charges" to the alleged debt.

47.     Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threated to add "interest, late charges, and other charges" to the alleged debt.

48.     By threatening to collect interest, late charges and other charges, Defendants used unfair and unconscionable means in violation of 15 U.S.C. § 1692f.

49.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, and reasonable attorney fees.

## CLASS ALLEGATIONS

50.     Plaintiff, Carolyn Coleman, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt, upon which Defendants sent a letter, falsely representing that interest, late charges and other charges may increase the amount allegedly due.

51.     Defendants regularly engage in debt collection, including attempting to collect debt via the mails, in its regular course of business.

52.     The Class consists of more than 35 persons from whom Defendants attempted to collect a debt using the Form Letter attached as Exhibit C.

53.     Plaintiff Coleman's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of

the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

55. Plaintiff Coleman will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Coleman has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant as follows:

A. Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
Celetha Chatman

***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com
celethachatman@woodfinkothompson.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
Celetha Chatman
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com
celethachatman@woodfinkothompson.com