## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| CAROLYN COLEMAN, individually and on behalf of all other similarly situated, | |
| Plaintiff, | Case No.  15-cv-11338 |
| vs. | Hon. Samuel Der-Yeghiayan<br>Magistrate Judge Daniel G. Martin |
| LVNV FUNDING LLC., and BLITT AND GAINES, P.C., | |
| Defendant. | **Jury Demanded** |

## LVNV FUNDING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

LVNV Funding LLC ("Defendant"), by and through its attorneys, Gordon & Rees LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), and states as follows:

1.      Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the Complaint except those expressly admitted below.

2.      Defendant admits the allegations of the following paragraphs: 1, 2 to the extent that venue in this District is proper, and 4.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the items set forth in the prayer for relief.

**AFFIRMATIVE DEFENSES:**

LVNV Funding LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiffs' Complaint, for its Affirmative Defenses, hereby states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendant is informed and believes that this Court lacks subject matter jurisdiction over this matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and should issue an Order compelling arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff entered into an agreement with the original creditor wherein Plaintiff agreed to resolve any and all disputes or claims related to her account, including those claims being asserted in this case, via arbitration. Therefore, Plaintiff's claims are subject to a valid and enforceable arbitration provision.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred against Defendant by 15 U.S.C. § 1692k(c). Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Any purported violation of the FDCPA, which Defendant denies occurred, was unintentional, and resulted from bona fide error despite Defendant's procedures reasonably adapted and maintained to avoid such error. *See Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003); *McCullough v. Johnson, Rodenburg & Lauringer, LLC*, 637 F.3d 939 (9th Cir. 2011).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claim asserted in the Complaint because Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether she seeks only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her alleged damages. Defendant, on information and belief, alleges that Plaintiff failed to take any such steps or delayed unreasonably in doing so. Had Plaintiff timely and diligently taken reasonable steps to mitigate and/or avoid her alleged damages, such damages, if any, would have been reduced or avoided altogether.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that the damages sought, if any, were proximately caused by unforeseeable independent, intervening and/or superseding events beyond the control and/or unrelated to any actions or conduct of this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE:

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. The terms and conditions governing Plaintiff's credit account which gave rise to the instant action are contained in underlying cardholder agreement. The cardholder agreement requires Plaintiff to repay the entire account balance. Plaintiff has failed to repay this account balance. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver. The terms and conditions governing Plaintiff's credit account which gave rise to the instant action are contained in the underlying cardholder agreement. Pursuant to the cardholder

agreement, Plaintiff waived the right to participate as a representative or member of any class of claimants relating to any claim arising from or relating to Plaintiff's credit account.

## TENTH AFFIRMATIVE DEFENSE

The damages sought are excessive and are in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff's Complaint does not allege that Plaintiff suffered any actual damages. Plaintiff brings the instant action on behalf of himself and all others similarly situated. Plaintiff's Complaint includes a request for damages pursuant to 15 U.S.C. § 1692k(a)(2), which allows class action Plaintiffs to recover an amount not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector. Without actual damages suffered by Plaintiff and all others similarly situated, the damages sought are in violation of the Eighth Amendment to the U.S. Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint does not describe the alleged action with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

WHEREFORE, LVNV Funding LLC prays that the Complaint be dismissed with prejudice and the LVNV Funding LLC be awarded its costs, attorney's fees, for such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant LVNV Funding LLC hereby demands its right to a jury trial on all issues triable to a jury.

**GORDON & REES LLP**

/s/ *Angelo J. Kappas*
Angelo J. Kappas (ARDC #6289880)
Gordon & Rees LLP
One North Franklin St., Suite 800
Chicago, IL 60606
Tel: (312) 565-1400
Fax: (312) 565-6511
akappas@gordonrees.com
*Attorneys for Defendant*
*LVNV Funding LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, states that on January 21, 2016, a true and complete copy of the filed foregoing document was served upon all attorneys of record by filing same electronically with the United States District Court, Northern District of Illinois, via the CM/ECF electronic filing system.

Respectfully submitted,

/s/ Angelo J. Kappas
GORDON & REES LLP
Angelo J. Kappas(#6289880)
One North Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
*Attorney for Defendant,*
*LVNV Funding LLC*