IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 11338 |
| | ) | |
| LVNV FUNDING LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to compel arbitration. For the reasons stated below, the motion to compel arbitration is granted.

# BACKGROUND

Plaintiff Carolyn Coleman (Coleman) obtained a credit card (Card) from Credit One Bank, N.A. (COB) and incurred a debt (Debt) on the card. Coleman then allegedly failed to make the required payments and the Debt was sold to Defendant LVNV Funding LLC (LVNV). LVNV then allegedly retained Defendant Blitt and Gaines, P.C. (B&G) to collect the Debt. Coleman contends that a letter sent to her by B&G did not comply with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Defendants now move to compel arbitration.

1

**LEGAL STANDARD**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the

scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

## DISCUSSION

Coleman acknowledges that when she obtained the Card, she entered into a Cardholder Agreement (Agreement) with COB. Defendants have provided portions of the Agreement which state the following:

> 30. ARBITRATION AGREEMENT: The Arbitration Agreement provided to you with this Agreement governs the enforcement by you and us of your and our legal rights under this Agreement.

(D Ex. 2: 5). The Agreement also provided the following:

> Agreement to Arbitrate: You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called 'Claims') be submitted to mandatory, binding arbitration.

(D Ex. 2: 6). Coleman does not deny that she received the Agreement or that she had knowledge of the Agreement. Defendants have provided evidence showing that Coleman did in fact receive the Agreement.

Coleman contends that the Agreement attached to Defendants' motion has a date in the margin of August 2014. Coleman contends that she stopped charging on

3

her Card in 2013 and thus should not be bound by an agreement in effect in 2014. Coleman admits that she did not cancel the card in 2013. Coleman also argues that she reached her credit limit in July 2014. Again, however, Colman does not indicate that she canceled the card at that time. Her card was still active and once she made a sufficient payment, the credit on the card would again have become available to her. Defendants have also shown that after August 2014, Coleman made a payment on the Card account and accepted the terms and conditions of the Card at that time as well. In addition, in an exhibit provided by Coleman herself, the records indicate that the Card was not charged off until April 2015. Coleman fails to point to any controlling precedent that would support her argument that she was not bound by the Agreement that she had received simply because she chose not to use the Card during a certain period.

Coleman also attempts to avoid the effects of the Agreement by arguing that she obtained the Card from COB and she never agreed to arbitrate any claim with LVNV. Coleman argues that LVNV was not a party to the Agreement. Defendants, however, have provided sufficient evidence from persons with personal knowledge showing that COB's rights under the Agreement were properly assigned to LVNV and Coleman has failed to cite any controlling precedent indicating that the assignment was improper. The Agreement also specifically informed Coleman that she was entering into an agreement with COB and "its successors or assigns." (D Ex. 2: 2). Finally, Coleman argues that the claim in this case does not fall within the scope of the arbitration provisions in the Agreement. The Agreement clearly

4

provides for arbitration of claims "relating to" the Card account and clearly specifies that it covers "collection matters relating to [the] account." (D Ex. 2: 6). Coleman chose to obtain and use the Card and she is bound by the Agreement that went with the Card. Coleman is still entitled to pursue her claim, just not in federal court. The proper forum for a resolution of this dispute is arbitration. Therefore, Defendants' motion to compel arbitration is granted.

## CONCLUSION

Defendants' motion to compel arbitration is granted.

        /s / Honorable Samuel Der-Yeghiayan
        _____
        Samuel Der-Yeghiayan
        United States District Court Judge

Dated: June 28, 2016